ALBERT FOURNIER *vs.* NELSON GOULET.

MAY 26, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of trespass on the case for negligence. It was tried before a justice of the superior court sitting without a jury. He rendered a decision for the plaintiff, and the defendant duly prosecuted his bill of exceptions to this court. The only exception before us is to said decision.

The case grows out of the collision of the motor vehicles of the respective parties on February 4, 1941 about 9:30 a. m. at the intersection of Tweed and Bucklin streets in the city of Pawtucket. It appears from the evidence that at the time of the accident the plaintiff was driving his bakery truck in a northerly direction on his right-hand side of Tweed

street. As he approached the intersection of that street with Bucklin street, both being without any grade at that point, he was proceeding at a moderate and reasonable rate of speed. At that time he saw the defendant's automobile on Bucklin street a short distance away from the intersection, likewise traveling at a moderate speed. Said automobile was proceeding in a westerly direction and approaching the intersection from the plaintiff's right. The latter, who was familiar with the locality, knew that there was a "stop" sign on Bucklin street directing traffic on that street to stop before entering Tweed street. The plaintiff testified that he expected the defendant's automobile to stop, in accordance with said sign, before entering the intersection. Under all the circumstances, and having no notice to the contrary, he had a right to assume that the defendant's automobile would be operated in such a way as to obey the instruction on said sign. *Andrews v. Penna. Charcoal Co.*, 55 R. I. 215.

The evidence shows, however, that the defendant's automobile continued to move forward, turning slightly to its left as it entered the intersection without stopping. As a result the right front part of the defendant's automobile struck the right rear part of the plaintiff's truck when the latter was near the center of the intersection. When the two vehicles finally stopped they were some distance apart. The defendant's automobile was still heading westerly in the intersection. The plaintiff's truck, however, had continued northerly a short distance, and its rear had moved sideways in a westerly direction until it struck a pole which was on the edge of the sidewalk at the northwesterly corner of the intersection, the left front wheel of the truck at that time being only about three feet from the westerly curbing of Bucklin street. The contact with the pole damaged the left rear part of the truck.

The defendant contends that he was not guilty of any negligence and that the accident was unavoidably brought about by the icy condition of Bucklin street near the intersection, thereby causing him to lose control of his automobile. The defendant, whose testimony was in the main

supported by that of a friend who was riding in the automobile, testified that he had driven from Newport the morning of the accident and was on his way to South Attleboro through Pawtucket and that the roads all the way from Newport, until Bucklin street was reached, were dry and free from ice. No question is raised as to any contributory negligence on the part of the plaintiff.

The testimony introduced on behalf of the defendant showed that he was proceeding slowly on Bucklin street toward its intersection with Tweed street; that he had driven through Bucklin street several times, once a few days before the accident, and knew that there was a stop sign on that street at the corner of Tweed street; that about 50 feet from the intersection he applied his foot brake gradually so as to stop before entering Tweed street; that he found, however, that the surface of Bucklin street at that point was covered with smooth ice; that his automobile began to skid towards its left and went out of control; that he released his brake and regained control of his steering wheel; that about 20 feet from the intersection he again applied his brake; that although his automobile was then moving at only about five or ten miles an hour he was unable to stop it; that as it proceeded out into the intersection he turned it toward his left in the hope of avoiding the plaintiff's truck, which he had seen on Tweed street approaching the intersection, but that his automobile, which was then barely moving, hit the rear right part of the plaintiff's truck just hard enough to cause that part of the truck, because of the icy condition of the intersection, to swing on an arc against the pole hereinbefore referred to.

It seems clear that a material point in the case was whether or not there was ice on Bucklin street which caused the defendant's automobile to skid as described by him, said skidding being attributed to no other cause. On this point the testimony of the plaintiff and that of the defendant and his friend were in direct conflict. Further, it was possible to draw different inferences from the facts appear-

ing in evidence, and certain inferences were drawn by the trial justice in that connection.

In describing the condition of Tweed street and of Bucklin street near the intersection at the time of the accident the defendant testified that: "Both streets approaching the intersection were covered with a glaze of ice" or a smooth, thin coating of ice. Defendant's witness described Bucklin street near the intersection as "being all ice". The defendant also testified that the road at the intersection itself was icy.

On the other hand, the plaintiff testified in regard to the condition of the streets at the place of the accident that: "There were ice spots here and there." In regard to ice on Bucklin street he testified that: "It was hardly noticeable. The snow had melted in the form of ice and there was a little ice along the curbstone . . . . A little ice here and there." In his testimony the plaintiff also stated that he had been driving around the immediate neighborhood of the place of the accident for several hours that morning delivering bakery supplies; that he had experienced no difficulty with ice on the streets; and that he had been able to "stop at any corner". He testified that, as a matter of fact, in thus making deliveries he had had occasion to drive along Bucklin street and across Tweed street that very morning prior to the accident, proceeding, however, from west to east and that he had stopped at the intersection in question.

The trial justice found, in substance, that while there were probably some spots of ice on the streets and on the intersection in question there was no such general covering of ice as the defendant contended. He further found that the defendant, under all the circumstances, had opportunity to control his automobile and to stop it before reaching the intersection; but that he had failed to do so and that consequently he was guilty of negligence which was the cause of the accident. In reaching his findings the trial justice accepted as correct the testimony of the plaintiff

regarding the condition of the streets and of the intersection. Also, from the position of the vehicles after the accident and from the fact that the streets generally were entirely dry and free from ice, he drew inferences which tended to support the plaintiff's testimony.

The case presented questions of fact for determination. The trial justice had the opportunity of seeing and hearing the witnesses testify. We find no merit in the defendant's argument that the trial justice drew erroneous and unwarranted inferences from the evidence and that he misconceived certain testimony. We have examined the transcript and cannot say that his decision was clearly wrong. Under such circumstances the case falls within the general rule that we are not justified in disturbing his decision.

The defendant's exception is overruled, and the case is remitted to the superior court for the entry of judgment for the plaintiff on the decision.

*William M. Mackenzie,* for plaintiff.

*Edward M. Sullivan, John J. Sullivan,* for defendant.